Eastern District,
*June* 1831.

MARIGNY
*vs.*
NIVET ET AL.

———

2L 503
45 949
45 950

### CALDWELL vs. BLOOMFIELD.

AN APPLICATION FOR A MANDAMUS TO THE JUDGE OF THE FIRST DISTRICT.

If an insolvent debtor, in actual custody, applies for the benefit of the insolvent laws, makes a cession of his property, which is not accepted by his creditors, who do not attend, and the sheriff is appointed syndic by the court, to receive the cession, the debtor is thereby discharged from his confinement in the same manner as if the creditors had attended and accepted the surrender.

Where creditors are cited at-the instance of an insolvent debtor in actual custody, to attend before a notary and receive a surrender of his property, and fail to attend, or make opposition to the homologation of the proceedings within ten days after they are returned into court, they have the authority of *res judicata*, and cannot be disregarded by the creditors.

A surrender of property by an insolvent debtor in confinement *operates a discharge of his person* from imprisonment, when not opposed, and there is *no breach* of the conditions of the bond, occasioned thereby, which will make the obligor and his securities responsible to the plaintiff in execution.

The defendant was imprisoned on a *ca. sa.* by the plaintiff and made a surrender of his property before a notary, at which his creditors failed to attend. The proceedings were returned into court, and at the expiration of ten days were homologated, without opposition, and the defendant discharged out of custody, without any formal order of court. The plaintiff urged, that as the defendant left his imprisonment, he had forfeited his prison bond, and made himself and surety liable on it. He applied to the district judge for

Eastern District, June 1831.

CALDWELL vs. BLOOMFIELD.

a rule on the sheriff to assign the prison bond to him, that he might have it enforced against the defendant and his surety. The district judge refused the application, and the plaintiff presented his petition to the supreme court, praying for a mandamus, directed to the district judge, commanding him to grant the rule on the sheriff to assign the bond. The court granted a rule on the judge to shew cause why he should not comply with the request of the plaintiff. The judge answered, that he considered the surrender to operate a release and discharge of the person of the debtor from all anterior debts, when no charge of fraud, or opposition to the proceedings on the surrender, was made within ten days: and that there was *no breach* of the condition of the prison bond. On hearing the case, the court discharged the rule, and refused the *mandamus*.

*Mace* for the applicant.

*Porter, J.* delivered the opinion of the court.

A rule was taken on the judge of the first district to shew cause why he should not direct the sheriff of the parish of New-Orleans, to assign to the plaintiff a bond given by the defendant to keep the prison bounds.

The obligor, it appears, went beyond the limits assigned to him; but he did so after he had applied for the benefit of the laws made for the relief of insolvent debtors, and not until after the cession offered by him had been unobjected to before the notary, the proceedings returned into court, and no opposition made within ten days thereafter.

If an insolvent debtor, in actual custody, applies for the benefit of the insolvent laws, makes a cession of his property, which is not accepted by his creditors who do not attend, and

The act of 1817 provides that if creditors do not attend the meeting called before a notary, and appoint a syndic, the court shall authorize the sheriff to receive the surrender of the property, and perform the duties of syndic: and it declares, that if no opposition is made within ten days after the proceedings had before the notary are returned into court, that the insolvent debtor shall be relieved and discharged

from every imprisonment for debts previously contracted. The Louisiana Code also provides that the surrender made according to the forms of law, operates the discharge of the restraint of the debtor's person, and delivers him from actual imprisonment.—*Moreau's Dig. vol.* 2, 429, *sec.* 18. 432, *sec.* 27 *and* 29. *La. Code,* 2172.

The plaintiff insists the rule should be absolute,

1st, Because the debtor was in actual custody, and being so could not claim, and cannot enjoy, the advantages conferred by the act of 1817.

2d, Because the judge's order did not direct the debtor to be discharged out of custody.

I. The first proposition may, or may not, be true; but as the plaintiff was regularly cited to appear before the notary, and did not attend, and as he failed to make opposition before the court when the proceedings were returned there, the regularity of these proceedings cannot be examined in this way. They have the authority of *res judicata* until appealed from, or set aside by an action of nullity.

II. Whether an officer who had a debtor in actual, and not constructive custody, might not refuse to take on him to judge of the regularity of the proceedings from which it follows as a consequence the debtor is released from imprisonment, and require an actual order from the court to that effect, we need not in this case inquire: perhaps he might. The question presented here, is, whether there has been such a breach of the condition of the bond as makes the obligor and his sureties responsible to the plaintiff in execution? The answer is found in the law already cited, which makes the surrender *operate a discharge of the restraint of the debtor's person, and delivers him from confinement.* A judgment of the court could not add to the effect of this provision,

Let the rule be discharged, at the costs of the applicant.

Where reditcors are cited at the instance of an insolvent debtor in actual custody, to attend before a notary and receive a surrender of his property, and fail to attend or make opposition to the homologation of the proceedings within ten days after they are returned into court, they have the authority of *res judicata,* and cannot be disregarded by the creditors.

A surrender of property by an insolvent debtor in confinement operates a discharge of his person from imprisonment when not opposed, and there is no breach of the conditions of the bond occasioned thereby which will make the obligor and his securities responsible to the plaintiff in execution.