The opinion of the court was delivered by
Watkins, J.
It appears from the petition of the relator that, at the March term of the District Court of Grant parish for the present year, 1893, he plead guilty to the charge of selling liquor without paying a license, and was sentenced to pay a fine of $200 and costs, and in default of payment he was to suffer imprisonment in the par* ish jail for a period of four months, in keeping with the terms and conditions of Revised Statutes, Sec. 910, and he was imprisoned in default of paying fine.
That, availing himself of the provisions of the insolvent laws of the State, and particularly of those relating to debtors in actual confinement, he applied for their benefit for the purpose of regaining his liberty. That, notwithstanding the judge accepted his surrender and granted him the stay of proceedings against his person and property that is usual in such cases, he has refused to release him from custody and suffers him to be detained in prison. That the fine imposed must be placed upon the footing of any mere contractual obligation to pay money, and from which he is legally relievable by means of a discharge under the insolvent law. His averment is “ that, after the order accepting the surrender was signed, he was, by virtue of that order, entitled to be released from custody, and that he has suffered great injury and a denial of justice at the hands of the said judge by his refusal to order his release from custody.”
*949 The respondent returns that he declined to release the relator from imprisonment because his order accepting his surrender and granting him a stay of proceedings directed the convocation of a meeting of creditors on the fourth Monday of May, 1893 — which will occur on the 22d day of the month, a date that is still in the future — and that the relator is not entitled to liberation from imprisonment until said meeting shall convene and take action in the premises.
The code declares that “the creditors can not refuse the surrender made according to the forms ordained by law, unless in case of fraud on the part of the debtor.
“It operates the discharge of the restraint of the debtor’s person and delivers him from actual imprisonment.” R. O. C. 2176.
It is the creditors and not the judge who can discharge the insolvent. Thomas Burdon vs. His Creditors, 20 An. 364.
After the cession and acceptance of a surrender by the judge, all of the property of the insolvent vests in his creditors. R. S., Sec. 1791.
It is the duty of the judge when granting an order staying all proceedings against the insolvent’s person and property to likewise grant an order, convoking a meeting of creditors. R. S., Sec. 1790.
At the meeting of creditors their deliberations in respect to the sale or disposal of the property surrendered, or for any other object relative to the interest of the mass of creditors, the opinion of the majority of the creditors in number and amount shall prevail. R. S.,. Sec. 1799.
Any creditor of an insolvent debtor is entitled “to oppose the appointment of a syndic, or to charge fraud against the debtor * * * within ten days next following the meeting of creditors,” etc. R. S., Sec. 1802.
And in addition to these general provisions clearly indicating that the insolvent can not be discharged immediately upon the judge’s order accepting his surrender, the further specific declaration of the statute is that “any debtor who may be imprisoned under a writ of arrest, and against whom no charge of fraud is pending, may be discharged by making a surrender of his property to his creditors.” R. S., Sec. 1819; 2 La. 503, Caldwell vs. Bloomfield.
From the foregoing provisions of law, we take it to be clear that there is no possible efficacy in the stay-order accompanying the judge’s acceptance of a surrender, except to operate the future ex- *950 eruption of the debtor from arrest and the molestation of his property by individual creditors. And while the acceptance of his surrender operates the transfer of the insolvent’s property to his creditors, yet the creditors, collectively, can alone administer same and make orders looking to his discharge.
It is evident that the relator’s application is premature and must be refused.
It is therefore ordered, adjudged and decreed that the application of relator for a peremptory mandamus be refused at his costs.